NOVELLA TURNER, Respondent, v. W. H. OVERALL et al., Appellants.

St. Louis Court of Appeals, February 27, 1900.

Constitution: JURISDICTION: TITLE TO REAL ESTATE. Under the constitution of Missouri, this court has no appellate jurisdiction of issues involving the title to real estate. In the present action a muniment of title—the deed of trust—is alleged to be void and sought to be annulled and cancelled. The judgment which was rendered in the trial court decreeing the relief prayed directly affected "the title itself to the real estate sought to be conveyed in the deed of trust, and is strictly within the rule on the subject announced by the supreme court limiting its own jurisdiction."

Appeal from the Stoddard Circuit Court.—*Hon. W. F. Ford,* Special Judge.

TRANSFERRED TO THE SUPREME COURT.

*J. R. Young* for appellants.

*J. L. Fort* and *George Houck* for respondent.

No briefs furnished.

BOND, J.—This is a suit in equity by the wife to set aside and cancel a deed of trust executed by her upon her land to secure the indebtedness of her husband, on the ground of fraud and duress practiced by defendant in procuring the conveyance. The answer denied the grounds alleged in avoidance of the conveyance, and alleged its validity. The reply took issue. There was a decree for plaintiff annulling and setting aside and cancelling the deed of trust on her land, from which defendant appealed to this court.

The appellant has brought the case to the wrong tribunal for review. Under the constitution of Missouri, this court has no appellate jurisdiction of issues involving the title to real estate. In the present action a muniment of title—the deed of trust—is alleged to be void and sought to be annulled and cancelled. Obviously, therefore, the judgment which was rendered decreeing the relief prayed directly affected "the title itself to the real estate sought to be conveyed" in the deed of trusts, and is strictly within the rule on this subject announced by the supreme court limiting its own jurisdiction of the class of cases under review to those in which the title to land is directly affected by the judgment rendered. Price v. Blankenship, 144 Mo. loc. cit. 209; May v. Trust Company, 138 Mo. 275; Yeamans v. Lepp, 80 Mo. App. 584. It follows that the appeal herein should have been taken to the

supreme court of the state, and that under the statute, it is our duty to transfer the cause to that court (R. S. 1899, sec. 1657), which is accordingly ordered.   All concur.